# **Exhibit A**

# COMMEMORATIVE BRANDS, INC.
## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences or disputes may arise between Commemorative Brands, Inc., (CBI) and me during or following my employment with Commemorative Brands, Inc., and that those differences may or may not be related to my employment. I understand that by entering into this Mutual Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining the benefits of a speedy and impartial dispute-resolution procedure.

Claims Covered By the Agreement:   Commemorative Brands, Inc. and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), whether or not arising out of my employment (or its termination), that CBI may have against me or that I may have against CBI on against its partners, owners, employees or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, martial status, or medical condition, handicap or disability); claims of unlawful retaliation under state or federal law; claims for benefits (except where an employee benefit or retirement plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one); and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following paragraph.

Statutory claims covered under this agreement include claims arising under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964 and its amendments, the Americans with Disabilities Act, the Fair Labor Standards Act, 42 U.S.C. 1981 and its amendments, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act, and all state statutes concerning discrimination. Tort claims covered include claims for malicious prosecution, for wrongful discharge, for wrongful arrest/imprisonment, for breach of fiduciary duties, for negligent/intentional infliction of emotional distress, for fraud, for promissory estoppel, and for defamation.

Claims Not Covered by the Agreement:   Claims I may have for workers' compensation benefits or unemployment compensation benefits are not covered by this Agreement. Also not covered are claims by CBI for injunctive relief and/or other equitable relief, including but not limited to claims for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or other confidential information, as to which I understand and agree that CBI may seek and obtain relief from a court of competent jurisdiction.

Required Notice of All Claims and Statute of Limitations:   CBI and I agree that the aggrieved party must give written notice of any claim to the other party within one (1) year of the date the aggrieved party first has knowledge of the event giving rise to the claim; otherwise, the claim shall be void and deemed waived even if there is a federal or state statute of limitations which would have given more time to pursue the claim.

Written notice to CBI, or its partners, owners, employees or agents, shall be sent to CBI, PO Box 149056, Austin, Texas 78714-9056 (or at such other address as then shall be the corporate office of CBI). I will be given written notice at the last address recorded in my personnel file. The          written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based. The notice shall be sent to the other party by certified or registered mail, return receipt requested. It is agreed that the parties will not file a lawsuit in court to resolve disputes covered by this Agreement. If a lawsuit is filed, the Court shall dismiss the lawsuit and require the parties to arbitrate the dispute.

Representation:   Any party may be represented by an attorney or other representative selected by the party.

Discovery:   Each party shall have the right to take the deposition of the other party or a party representative, one other individual, and any expert witness designated by another party. Each party shall also have the right to make requests for production of documents to any party. The subpoena right specified below shall be applicable to discovery pursuant to this paragraph. Additional discovery may be

had only where the Arbitrator selected pursuant to this Agreement so orders following a written motion by either party, upon a showing of good cause.

Designation of Witnesses:    At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any expert witnesses, and copies of all exhibits intended to be used at the arbitration.

Subpoenas:    Each party shall have the right to subpoena witnesses and documents for the arbitration.

Arbitration Procedures:    The parties agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current Employment Dispute Resolution Rules, or similar guidelines, of the American Arbitration Association ("AAA") and shall take place before an arbitrator who is licensed to practice law in the State in which the CBI office is located ("the Arbitrator"). The arbitration shall take place in the city nearest to the CBI office in which I was last employed.

The Arbitrator shall be selected as follows. The AAA shall give each party a list of eleven (11) arbitrators drawn from its panel of labor and employment arbitrators. Each party may strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately until only one remains. The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, the AAA shall furnish an additional list or lists until an Arbitrator is selected.

The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the State in which the CBI office is located or federal law, or both, as applicable to the claim(s) asserted. The Federal Rules of Evidence shall apply. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The arbitration shall be final and binding upon the parties.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure.

Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

Either party may bring an action in court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. Except as otherwise provided in this Agreement, both parties agree that neither of us will initiate or prosecute any lawsuit or administration action (other than an administrative charge of discrimination) in any way related to any claim covered by this agreement.

The Arbitrator shall issue a written award within twenty-one (21) days after the receipt of the post-hearing briefs or within twenty-one (21) days after the hearing, if no leave to file briefs is sought by the parties.

Remedies:    If the Arbitrator finds for you, the Arbitrator, in his or her discretion, may award one or more of the following: (1) injunctive relief, including reinstatement to the position of employment formerly held or to a comparable position; (2) full or partial back pay and reimbursement for lost fringe benefits; (3) if reinstatement is not practical or reasonable, front pay for up to twenty-four (24) months in lieu of reinstatement; (4) compensatory damages in accordance with applicable law; and (5) punitive damages in an amount equal to the greater of (I) the monetary award described in subsections (2) and (3) above or (ii) $10,000.

Arbitration Fees and Costs:    The parties shall equally share the fees and costs of the Arbitrator, with my out-of-pocket expenses (excluding the fees of expert witnesses or medical experts) not to exceed $1,000.00. Each party will deposit funds or post other appropriate security for its share of the Arbitrator's fee, in an amount and manner determined by the Arbitrator, ten (10) days before the first day of hearing. Each party shall pay for its own cost of attorney's fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party.

Judicial Review:    Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may not do so in an enforcement proceeding, but must bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.    *interstate*

Interstate Commerce:    I understand and agree that CBI is engaged in transactions involving interstate commerce and that my employment involves such commerce.

Requirements for Modification or Revocation:    This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified by a writing signed by the parties which specifically states an intent to revoke or modify this Agreement.

Sole and Entire Agreement:    This is the complete agreement of the parties on the subject of arbitration of disputes, except for any arbitration agreement in connection with any retirement or benefit plan. This Agreement supersedes any prior or contemporaneous oral or written understanding on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

Construction:    If any provision of this Agreement is adjusted to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

Consideration:    The promises by the parties to arbitrate differences, rather than engaging in lengthy and costly litigation before courts or other bodies, provide consideration for each other. In addition, my hiring and continued employment by CBI provides further consideration for this Agreement.

Not an Employment Agreement:    This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of my employment.

Voluntary Agreement:    I acknowledge that I have carefully read this agreement, that I understand its terms, that all understandings and agreements between Commemorative Brands, Inc., and me relating to the subjects covered in the agreement are contained in it, and that I have entered into the agreement voluntarily and not in reliance on any promises or representations by Commemorative Brands, Inc., other than those contained in this agreement itself.

I further acknowledge that I have been given the opportunity to discuss this agreement with my private legal counsel and have availed myself of that opportunity to the extent I wish to do so.

_Jacquelyn King_
Signature of Employee

_Jacquelyn King_
Print Name of Employee

_Sept. 1 1998_
Date

Commemorative Brands, Inc.

_Heather Ledbetter_
Signature of Authorized Firm Representative

_Personnel Asst._
Title of Representative

_9-1-98_
Date

Form effective date: 12/17/96