# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**JACQUELYN KING**                                                                 **PLAINTIFF**

v.                                                                          No. 3:22-cv-294-BJB

**COMMEMORATIVE BRANDS, INC.**                                                **DEFENDANT**

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Jacquelyn King sued her former employer, Commemorative Brands, for age discrimination, wrongful termination, and disability discrimination—all under Kentucky law. Complaint (DN 1-1) at 4–8. She also alleged that Commemorative Brands interfered with her rights under the Family and Medical Leave Act. *Id.* at 8–9. Commemorative Brands removed to federal court on the basis of diversity jurisdiction. Notice of Removal (DN 1).

Commemorative Brands then moved to compel arbitration. Motion to Compel (DN 9). King filed nothing in response. Despite the lack of opposition, the Court must still ensure that Commemorative Brands "met its burden of establishing that it was entitled to dismissal because of the arbitration agreement." *Gesenhues v. Radial, Inc.*, No. 19-5932, 2020 WL 1815738, at *2 (6th Cir. Mar. 23, 2020); *see also Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) (court must ensure defendant has met its burden before granting unopposed motion under Fed. R. Civ. P. 12(b)(6)). Because it has, the Court grants the motion to compel.

\* \* \*

The Federal Arbitration Act governs any arbitration agreement "evidencing a transaction involving commerce." 9 U.S.C. § 2. And it "defines 'commerce' to include 'commerce among the several States.'" *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (quoting 9 U.S.C. § 1). The Supreme Court has interpreted "involving commerce" as the equivalent of "affecting commerce," which ordinarily "signal[s] the broadest permissible exercise of Congress' Commerce Clause Power." *Id.* at 56–57 (citing, *e.g.*, *Wickard v. Filburn*, 317 U.S. 111 (1942) and *Katzenbach v. McClung*, 379 U.S. 294 (1964)).

Under these expansive precedents, King's contract with Commemorative Brands amounts to "a transaction involving commerce" whose arbitration agreement (DN 9-1) is subject to the FAA. The agreement concerns King's employment with Commemorative Brands, a company that engages in interstate commerce (as Balfour)

1

by selling "class rings, yearbooks, letter jackets and graduation regalia." Motion at 2; *see also* Compl. ¶ 2; *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001) (FAA applicable to employment contracts and exempts "only contracts of employment of transportation workers").

The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contracts." 9 U.S.C. § 2. "Before compelling an unwilling party to arbitrate," however, "the court must engage in a limited review to determine whether … a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).

Commemorative Brands has shown a valid arbitration agreement. Courts "review the enforceability of an arbitration agreement according to the applicable state law of contract formation." *Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007). Commemorative Brands attached a written contract, signed by King, in which both parties "mutually consent to" arbitration of "all claims or controversies … that CBI may have against [King] or that [King] may have against CBI." Arbitration Agreement at 1. Under Kentucky law, a contract requires "offer and acceptance, full and complete terms, and consideration." *Commonwealth v. Morseman*, 379 S.W.3d 144, 149 (Ky. 2012) (quotation omitted). The parties' contract meets all three requirements, at least based on the record before the Court. King's signature indicates she accepted Commemorative Brand's offer, the contract appears full and complete, and "an arbitration clause requiring both parties to submit equally to arbitration constitutes adequate consideration." *Kruse v. AFLAC Int'l, Inc.*, 458 F. Supp. 2d 375, 385 (E.D. Ky. 2006). And King hasn't opposed any of this.

Her claims, moreover, fall within the scope of the agreement. The arbitration agreement explicitly covers "claims for discrimination (including, but not limited to, … age … or disability)," "claims for violation of any federal, state, or other governmental law," and claims for "wrongful discharge." Arbitration Agreement at 1. King's four claims fit within these categories. *See* Compl. at 4–9. And such claims, even claims under federal statutes, are arbitrable. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 274 (2009) (statutory claims, such as the ADEA, are arbitrable). So the record indicates that the parties have a valid arbitration agreement whose scope covers the claims asserted here.

\* \* \*

Having determined that Commemorative Brands met its burden, the Court must determine whether to dismiss or stay pending arbitration. "[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement," the FAA directs courts, "on application of the parties[, to] stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. The

Sixth Circuit has held that where a party seeks a stay, the district court must grant one. *Arabian Motors Grp. WLL v. Ford Motor Co.*, 19 F.4th 938, 941 (6th Cir. 2021) ("The Act's command that a district court 'shall on application of one of the parties stay the trial of the action' conveys a mandatory obligation."). But it left open whether the district court could dismiss without prejudice—instead of entering a stay—where "both parties request a dismissal" or "neither party asks for a stay." *Id.* at 942.

Here, neither party requests a stay. Commemorative Brands seeks dismissal but acknowledges that § 3 allows the court to stay the case. Motion at 6–7. King hasn't sought a stay. In light of that, the Court will not stay the action. *See Ross v. Subcontracting Concepts, LLC*, No. 20-12994, 2021 WL 6072593, at *8 (E.D. Mich. Dec. 31, 2021) (dismissing without prejudice because no party sought a stay); *Anderson v. Charter Commc'ns, Inc.*, 860 F. App'x 374, 380 (6th Cir. 2021) (noting unpublished Sixth Circuit decisions allowing district courts to dismiss rather than stay). Because King's claims are arbitrable and neither party seeks a stay, the Court grants the motion to compel arbitration (DN 9) and dismisses this case without prejudice.

Benjamin Beaton, District Judge
United States District Court

August 2, 2022